UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ali Shirafkan,<br><br>      Plaintiff,<br><br>      v.<br><br>Kristi Noem, Secretary of U.S. Department of Homeland Security, *et al.*,<br><br>      Defendants. | Case No. 24-cv-11686<br><br>Hon. Jorge L. Alonso |

**MEMORANDUM OPINION AND ORDER**

Defendants[1] Kristi Noem, Secretary of Homeland Security; Marco Rubio, Secretary of State; Kash Patel, Director of the FBI; the United States Envoy for Middle East Humanitarian Issues; and Chicago District Director for USCIS have filed a motion to dismiss Plaintiff Ali Shirafkan's complaint pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) For the reasons below, the Court grants Defendants' motion to dismiss [6] under Rule 12(b)(1) and dismisses Plaintiff's complaint without prejudice. Civil case terminated.

### Background

Plaintiff was born in Iran and subsequently immigrated to the United States, where he became a naturalized citizen. In March 2021, Plaintiff filed Forms I-130 (petitions for alien

---

[1] Several Defendants named in the complaint no longer hold the alleged positions in the United States government. As such, the Court refers to the parties by their name when the Court is able to discern the relevant information and otherwise refers to the parties by their governmental office. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

relatives) in order to obtain visas for his parents to immigrate to the United States. The petitions were approved on July 31, 2021, and forwarded for consular processing at the National Visa Center. The National Visa Center issued documentarily qualified notices for his parents on February 14, 2022, confirming that all required documents had been received and approved. On March 26, 2024, the U.S. Embassy approved his mother's visa application. His father's application was adjudicated and refused by a consular agent on October 3, 2024. Plaintiff brought this action against Defendants alleging they owe Plaintiff a duty to process his father's application. On November 13, 2024, Defendants moved to dismiss the complaint under Rules 12(b)(1), 12(b)(3), and 12(b)(6). (ECF No. 6.) Plaintiff has not filed a response to Defendants' motion.

## Legal Standard

Where a defendant moves to dismiss a claim due to a lack of jurisdiction, the court must first address such challenges. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) (finding that when movant sought dismissal under 12(b)(1) and 12(b)(6), it was error for the district court to dismiss under 12(b)(6) without assessing the 12(b)(1) challenge). A Rule 12(b)(1) motion is appropriate to seek dismissal for lack of standing—a jurisdictional issue. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 277 (7th Cir. 2020).

In order to bring a suit before a district court, a plaintiff must have standing under Article III of the Constitution. *See* U.S. Const. Art. III, § 2; *Hollingsworth v. Perry*, 570 U.S. 693 (2013). The three elements required for standing are "(1) an injury in fact that is (2) fairly traceable to the challenged action of the defendant and (3) is likely, not merely speculative, that the injury will be redressed by a favorable decision." *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 528 (7th Cir. 2024).

Defendants can make either a facial or factual challenge to a plaintiff's standing. "A facial challenge attacks standing on the pleadings, arguing that the plaintiff lacks standing even if the well-pleaded allegations in the complaint are taken as true." *Id.* To survive a facial challenge to standing, a plaintiff's complaint must "allege sufficient factual matter to support the inference that standing exists" and "clearly allege facts demonstrating each element of standing." *Id.* With respect to the traceability element of standing, a plaintiff's complaint survives a facial challenge if it establishes a "meaningful connection between" the defendant and the plaintiff's injuries. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1025 (7th Cir. 2024).

However, when a defendant submits materials not found within the complaint to contest standing, a court may look beyond the complaint to determine whether standing exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("[T]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists[.]"). "Once such evidence is offered, . . . the plaintiff bears the burden of coming forward with competent proof that jurisdiction exists." *Id.* (internal quotations omitted).

**Discussion**

Because, for the reasons discussed below, Plaintiff lacks standing to bring this suit through either a facial or factual challenge, the Court does not reach Defendants' alternative arguments for dismissal. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998).

Defendants first assert a facial challenge to Plaintiff's standing, arguing that even if his allegations are taken as true, he has not alleged an injury fairly traceable to any action of the Defendants. The Court agrees. Plaintiff's complaint ties his injury to the fact that a consular officer adjudicated and denied his father's visa application. (ECF Nos. 1 at 3 (explaining the petition was

3

approved "and forward for consular processing"), 1-2 at 9 (notification that "[a] U.S. consular officer has adjudicated and refused" the petition).) Plaintiff alleges no action or inaction by the Defendants, none of whom are consular officers, that caused the denial of the petition, nor any authority of the Defendants to change the outcome the petition. As such, Plaintiff has failed to make the meaningful connection required to establish the traceability element of standing, and his complaint must be dismissed. *Salvation Army*, 110 F.4th at 1025.

Plaintiff also cannot overcome Defendants' factual challenge to standing. Defendants argue that none of the Defendants are responsible for visa adjudication, citing statutes which, in their view, grant consular officers exclusive authority to adjudicate visas. *See, e.g.*, 8 U.S.C. § 1104(a) ("The Secretary of State shall be charged with the administration and the enforcement of the provisions of this chapter and all other immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas."); 8 U.S.C. § 1201(a) (explaining the powers of consular officers to adjudicate visas); 8 U.S.C. § 1361 ("If such person fails to establish to the satisfaction of the consular officer that he is eligible to receive a visa or other document required for entry, no visa or other document required for entry shall be issued to such person, nor shall such person be admitted to the United States.").

Defendants' position is also supported by case law. *See, e.g.*, *Calvary Albuquerque, Inc. v. Blinken*, 720 F. Supp. 3d 1138, 1167 (D.N.M. 2024) (dismissing claim for lack of standing against non-consular officer defendants because "[t]he INA vests the power to grant or deny a visa exclusively to consular officers"); *Al Khader v. Blinken*, No. 18-CV-1355, 2022 WL 900209, at *4 (N.D. Ill. Mar. 28, 2022) ("As set forth in 8 U.S.C. §§ 1104(a), 1201(a)(1), 1361, the decision whether to issue a visa rests with the consular officer."); *Saavedra Bruno v. Albright*, 197 F.3d

4

1153, 1156 (D.C. Cir. 1999) ("The INA confers upon consular officers exclusive authority to review applications for visas.").

Once Defendants came forward with a factual challenge to Plaintiff's standing to bring this suit, Plaintiff bore a burden to establish that the Court has standing to hear this case. *Apex Digital*, 572 F.3d at 445. Instead, Plaintiff did not respond to Defendants' motion to dismiss. Accordingly, Plaintiff has failed to overcome Defendants' challenge. And because Plaintiff can survive neither a facial nor a factual challenge to standing, either of which would be fatal to his ability to bring this action, the Court dismisses his complaint.

## Conclusion

Defendants' Motion to Dismiss [6] is granted under Rule 12(b)(1) and the case is dismissed without prejudice for lack of standing. Civil case terminated.

**SO ORDERED.**  ENTERED: April 16, 2025

_____
**HON. JORGE ALONSO**
**United States District Judge**